UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ERIC BIVENS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:25-CV-110-KAC-JEM |
| LAZY DAYS RV OF KNOXVILLE, LLC, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Unopposed Motion to Withdraw as Counsel [Doc. 20]. Attorneys William S. Rutchow and Luci L. Nelson with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., ("Movants") seek to withdraw from representing Defendant. Movants state that there is "good cause [for their withdrawal] based on Tennessee Supreme Court Rule 8, Rules of Professional Conduct 1.16(b)(6) and (7)" [*Id.*]. They represent, "The reason for the withdrawal is that Defendant has sold all of its assets" [*Id.*]. The motion includes Defendant's mailing address, and Movants claim that they provided a copy of this motion to Defendant's address on January 29, 2026 [*Id.*]. According to Movants, Plaintiff does not oppose the motion [*Id.*].

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;

> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

E.D. Tenn. L.R. 83.4(g). The Local Rules also provide, "If the client is a corporation or other artificial person or legal entity created by statute that may only appear in court through counsel, the Court, absent extraordinary circumstances, shall not allow the attorney to withdraw until the client has obtained substitute counsel." *Id*.

Here, the Court finds extraordinary circumstances permit Movants' withdrawal given that Defendant has sold its assets. The Court therefore **GRANTS** the motion [**Doc. 20**]. To the extent Defendant has a telephone number, Movants **SHALL** file a notice in CM/ECF providing this information on or before **February 20, 2026**. The Court further expects Movants to provide copies of any relevant documents to any future counsel for Defendant or directly to Defendant upon request. Otherwise, Movants are **RELIEVED** of their duties in this case.

The Court **ADMONISHES** Defendant that corporations cannot appear in federal court except through a licensed attorney. *See Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court through an attorney." (citations omitted)); *In re Classicstar Mare Lease Litigation*, No. 5:07-cv-353, 2009 WL 1468594, at *1 (E.D. Ky. May 13, 2009) ("It is well settled that corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney." (citations omitted)). The Court therefore **ORDERS** Defendant to retain counsel

on or before **March 11, 2026**. The potential consequence of not securing replacement counsel is that a default judgment may be rendered against it. *Yifan Shipping (Thailand) Co. v. Inxeption Corp.*, No. 3:24-CV-00232, 2025 WL 624530, at *2 (W.D. Ky. Feb. 26, 2025) ("This Court and other courts have granted a default judgment against a corporate defendant when it fails to retain new counsel and otherwise defend a lawsuit after the withdrawal of counsel" (citation omitted)).

The Court **DIRECTS** the Clerk's office to mail a copy of this Memorandum and Order to Defendant at the address provided in the motion and to update CM/ECF accordingly.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge